```
                                                         RECEIVED
           UNITED STATES DISTRICT COURT          USDC, CLERK, CHARLESTON, S
              DISTRICT OF SOUTH CAROLINA
                                                     2008 OCT 30  P 2: 3
Ronald Edward Cannon, # 12485-071,    ) C/A No. 2:08-3447-HMH-RSC
     formerly # 245810                )
                                      )
                        Plaintiff,    )
     vs.                              )
                                      )
State Workers;                        ) Report and Recommendation
Judge Margaret B. Seymour, and        )
Law Brakers,                          )
                                      )
                        Defendants.   )
                                      )
```

This is a civil action filed *pro se* by a federal prison inmate.[1] Plaintiff was convicted in this Court in June of 2007 of possessing a stolen firearm. *U.S. v. Cannon*, Criminal case no. 3:05-98-MBS-1. He is currently serving his 120-month sentence at FCI-Coleman in Florida.

It is difficult to decipher his pleading because he writes all over the page in disjointed and cryptic sentences. However, a close review of the Complaint and attachments thereto discloses that he might be attempting to complain about conditions of his confinement at FCI-Coleman and about certain circumstances that led to his conviction in Criminal case no. 3:05-98-MBS-1. The "statement of claim" portion of his Complaint reads in total:

> Aginst Law Brakers that Blakmail someone for not a cause In Life True Copy of Real FBI work me on me 809-1-202-324-3000-

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

> 1202-324-1000 John Walstens Eagle Show TV FBI Johns A Most Wanted I true feel from more then Love For people In Life help any way life_____me. Being a Real Person not a False Person.

Entry 1, Complaint 3-4. The only somewhat partially clear statement in his pleading is in the "relief" section wherein he states: "Release me from custody of Fed. Prison . . . ." He names as Defendants the federal district judge who sentenced him in Criminal case no. 3:05-98-MBS-1, unidentified "state workers" and unidentified "Law Brakers [sic]."

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint,

the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Initially, the Complaint filed by Plaintiff in this case is subject to summary dismissal because it is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement[s}" of the basis for the court's jurisdiction and of the basis for Plaintiff's claims against Defendants. As stated above, Plaintiff writes all over the page in disjointed sentences that, for the most part, make no sense at all. Although he has named numerous Defendants, Plaintiff does not state which Defendant or Defendants are or were involved in the alleged "blakmail" of which he complains. Additionally, he provides no comprehensible factual background that would permit this Court to even understand why he claims "balkmail" and then seeks to be released from prison because of it. Without excessive expenditure of precious judicial resources, it is impossible to determine which, if any, allegations of wrongdoing are made with respect to each Defendant.

In short, Plaintiff's allegations are the type that have been described by other courts as "gibberish." *See Crain v. C.I.R.*, 737 F.2d

1417, 1418 (5th Cir. 1984); *U.S. v. Messimer*, 598 F. Supp. 992, 993 (C.D. Cal. 1984); see also *Bryant v. U-Haul*, No. Civ. A. No. 93-6892, 1994 WL 67803 (E.D. Pa. Feb. 25, 1994)(unpublished case, text available on Westlaw). As a result, it is clear that this Court lacks jurisdiction over Plaintiff's allegations or attempted claims in the Complaint because they are wholly insubstantial, unintelligible, and frivolous. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct a plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Furthermore, it is well-settled that federal courts are not required to be "mind readers" for state prisoners or *pro se* litigants. *Id.*

Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain"statement of the claim, the plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). Specifically, "[t]he presence [] of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint do not support the legal conclusion." *Id.* at 405 n.9

(internal quotation marks and citations omitted and alterations in original). Plaintiff must do more than make mere conclusory statements to support his claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *see Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994)(affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989)(same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). Due to the lack of comprehensible factual allegations of specific wrongdoing attributable to specific Defendants, the Complaint submitted by Plaintiff in this case is both frivolous and fails to state a claim on which relief may be granted. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants); *see also Inmates v. Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977)(dismissing a *pro se* complaint for improper pleading); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981).

Moreover, even there were some way to liberally construe Plaintiff's allegations as sufficient to state a § 1983 or *Bivens* claim arising from some type of constitutional violation by a federal official or employee,[2] this case would still be subject to summary dismissal

---

[2] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court
(continued...)

because Plaintiff has not named any proper defendant for such a claim.[3] First, to the extent the Complaint could be interpreted as a claim of unconstitutional guilty plea or sentence against United States District Judge Margaret B. Seymour, it would be barred by the doctrine of absolute judicial immunity. Such a claim would necessarily require Plaintiff to allege that Judge Seymour improperly performed her judicial duties in his criminal action. However, allegations like that would subject the Complaint to dismissal as to Judge Seymour due to her immunity from suit based on the performance of those duties.

As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise

---

[2](...continued)
established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988).

[3] Also, the only request for relief made in the case: release from prison, is not a form of relief that can be granted in a § 1983 or *Bivens* case. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[r]elease from prison is not a remedy available under 42 U.S.C. § 1983"; citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)); *see also Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991)(claims seeking changes in custody must be brought in habeas actions).

> discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). To the extent that Plaintiff's Complaint could be liberally construed as seeking injunctive relief against Judge Seymour,

such claim is barred by 42 U.S.C. § 1984, which states in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.*

*Id.* (emphasis added).

Since there is no declaratory decree involved and no request for or basis shown for entry of a declaratory judgment in this case, any claim for injunctive relief against this judicial officer is statutorily barred. *Catanzaro v. Cottone*, 228 Fed. Appx. 164 (3d Cir. April 5, 2007); *Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342 (11th Cir. Jan 31 ,2007).

Second, the other two named Defendants "Law Brakers" and "State Workers" are not proper defendants in a *Bivens* or § 1983 case because they do not qualify as "persons." In order to state a claim for relief under 42 U.S.C. § 1983 or the *Bivens* Doctrine, *see supra* note 2, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan

Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person."

For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions. *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. Jun 20, 1991). The collective terms "Law Brakers" and "State Workers" used by Plaintiff to name two Defendants are similar to the collective term "staff" found inadequate to name a person in the *Martin* case. Without any proper Defendants named in this case, the Complaint is subject to summary dismissal even if Plaintiff's cryptic and confusing allegations could be somehow construed as raising an otherwise viable *Bivens* or § 1983 claim.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Since the Complaint filed in this case is frivolous on its face and clearly fails to state any claim on which relief could be granted, 28 U.S.C. § 1915A(b)(1) is applicable in this case. Therefore, I also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

Plaintiff's attention is directed to the important notice on the next page.

*Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

October 30, 2008
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).